UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HILDA L. SOLIS, Secretary of     :
Labor, United States             :
Department of Labor,             :
                                 :
    Plaintiff,                   :     CASE NO. 3:08-CV-1126(RNC)
                                 :
V.                               :
                                 :
JAMES T. FARRELL III and         :
NANCY FARRELL,                   :
                                 :
    Defendants.                  :

RULING AND ORDER

Plaintiff Hilda Solis, the Secretary of Labor, brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, claiming that defendants James Farrell and Nancy Farrell are jointly and severally liable for breaches of their fiduciary duties as trustees of the James T. Farrell, III Money Purchase Pension Plan ("the Plan"). The Secretary has moved for summary judgment against both defendants with regard to liability. The defendants offer no opposition to the motion as to Mr. Farrell, but they do oppose the motion as to Ms. Farrell. The only issue presented with regard to the claims against Ms. Farrell is whether she was a fiduciary of the Plan under ERISA when the breaches at issue occurred. The Secretary contends that Ms. Farrell must be regarded as a fiduciary because she agreed to be a trustee and remained in this important position throughout the relevant period of time. The defendants respond that, although Ms. Farrell was designated as a trustee of

the Plan, the functions she performed with regard to the Plan were purely ministerial in nature. In addition, they contend that she was removed as a trustee several years before the events giving rise to this action. I conclude that the issue of Ms. Farrell's status as a fiduciary under ERISA must be resolved in favor of the Secretary and therefore grant the motion for summary judgment against both defendants.

I. Summary Judgment

Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To avoid summary judgment, the defendants must point to evidence that would permit a verdict to be returned in favor of Ms. Farrell. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In determining whether this standard is met, the evidence must be viewed in a manner most favorable to the defendants. Id. at 255.

II. Facts

The summary judgment record, viewed in a light most favorable to the defendants, would permit a reasonable trier of fact to find the following.[1] In 1975, James T. Farrell III, the

---

[1] The material facts set forth in the Secretary's Local Rule 56(a)(1) Statement and supported by admissible evidence in the record are deemed admitted because they have not been controverted by the defendants as required by Local Civil Rule 56(a)(2) and (3).

2

sole owner of Farrell Associates, established the Plan. An adoption agreement dated November 26, 1991 designated the two defendants as trustees of the Plan. Both defendants signed the adoption agreement in their capacity as trustees. On May 1, 1994, the adoption agreement was updated. Once again, both defendants signed the agreement as trustees.

The Plan makes each trustee "responsible for the safekeeping and administration of the assets of this Plan." Each trustee also is granted broad authority to act on behalf of the Plan generally and specifically with regard to investments. Under the adoption agreement, "any one trustee" has the ability to unilaterally "authorize product transactions" with a single signature.

It is undisputed that in and after 2000, assets of the Plan were diverted to the defendants' bank account and used to pay business and personal expenses. The defendants have effectively conceded that Mr. Farrell's failure to safeguard the assets of the Plan makes him liable under ERISA for breach of his fiduciary duty as a trustee. Only the liability of Ms. Farrell remains in dispute.

In opposing the Secretary's claim against Ms. Farrell, the defendants contend that at no time did Ms. Farrell exercise the authority she received as a trustee. For purposes of the present motion, the Secretary does not dispute that Ms. Farrell performed

3

only ministerial functions with regard to the Plan.

The defendants also defend the claim against Ms. Farrell on the ground that she was removed from her position as a trustee of the Plan in 1997, several years before the onset of the period when Plan assets were diverted to the defendants' bank account.

The Plan sets forth specific steps for resignation and removal of a trustee. There is no evidence that the required steps were taken by or with regard to Ms. Farrell.

In support of their contention that Ms. Farrell was removed as a trustee, the defendants point to the following:

- a memorandum prepared by Mr. Farrell in 1997 lists only Mr. Farrell as a trustee of the Plan; and

- a letter dated May 4, 1998, sent by Mr. Farrell to ACG Associates, Inc. ("ACG"), the administrator of the Plan, states that Ms. Farrell had the "same status" as Mary Farrell and Rose Mary Rogers. Neither of them was a trustee.

The Secretary urges that Ms. Farrell remained a trustee of the Plan at all pertinent times. She points to an admission by the defendants, in response to a request served under Rule 36 of the Federal Rules of Civil Procedure, that Ms. Farrell was a named trustee of the Plan from November 26, 1991 until the date of her response on June 1, 2009.

In addition, the Secretary relies on the following undisputed facts:

- Richard Stanchfield, the president of ACG, dealt primarily with Ms. Farrell as his contact at Farrell Associates regarding the Plan through 2003.

- ACG sent data sheets to Farrell Associates on an annual basis through 2003 requesting an update of any information regarding the Plan that needed to be corrected. An update provided by Mr. Farrell in 1998 affirmed Ms. Farrell's position as a trustee. Ms. Farrell's status as a trustee of the Plan remained unchanged on the data sheets thereafter. And

- Ms. Farrell sent letters to members of the Plan in 1993, 1994, 1996, 1998, 1999, 2000 and 2002, on each occasion signing the letter as "trustee."

III. Discussion

As discussed above, the only issue presented by the Secretary's motion for summary judgment is whether Ms. Farrell was a fiduciary of the Plan at the pertinent time. For the reasons that follow, I conclude that this issue must be resolved in favor of the Secretary.

Section 3(21)(A) of ERISA provides that "a 'person is a fiduciary with respect to a plan,' and therefore subject to ERISA fiduciary duties, 'to the extent' that he or she 'exercises any discretionary authority or discretionary control respecting management' of the plan, or has any discretionary authority or discretionary responsibility in the administration' of the plan."

Varity v. Howe, 516 U.S. 489, 498 (1996)(quoting 29 U.S.C. § 1002(21)(A)). Congress intended that this definition of fiduciary be broadly construed. LoPresti v. Terwilliger, 126 F.3d 34, 40 (2d Cir. 1997). However, "'even [this] broad construction has limits.' Falling outside these limits are plan employees who perform ministerial tasks with respect to the plan, such as the application of rules determining eligibility for participation, preparation of communication materials, the calculation of benefits, and the maintenance of employee records. These tasks have been held not to require the exercise of discretionary authority and do not, therefore, implicate any fiduciary duty." Bell v. Pfizer, Inc., 626 F.3d 66, 74 (2d Cir. 2010)(internal citations omitted).

The defendants argue that Ms. Farrell falls outside the broad scope of the term "fiduciary" in section (3)(21)(A) of ERISA because, although designated a trustee of the Plan, she performed only ministerial tasks involving no discretionary authority. The defendants' argument is unavailing because, as the Second Circuit has held, the test established by this section of ERISA is disjunctive: fiduciary status is imposed on (1) persons who exercise discretionary authority and responsibility, although it has not been granted to them, as well as (2) persons who have been granted such discretionary authority and responsibility, although they do not exercise it. See Bouboulis

6

v. Transport Workers Union of America, 442 F.3d 55, 63 (2d Cir. 2006).

Bouboulis involved a labor union that was designated in a summary plan description as the plan administrator. The District Court determined that the union was not a fiduciary under ERISA because the union's responsibilities were limited to purely ministerial functions. See id. at 63. The Court of Appeals held that this was error because the union possessed discretionary authority and responsibility in the administration of the plan. The union's possession of discretionary authority and responsibility sufficed to make it a fiduciary under ERISA, even though the functions it actually performed were ministerial in nature. Id. at 65-66.

Regulations promulgated by the Department of Labor regarding ERISA's definition of a fiduciary deal with this issue, as the Court of Appeals discussed in Bouboulis. The regulations provide: "Some offices or positions of an employee benefit plan by their very nature require persons who hold them to perform one or more of the functions described in section 3(21)(A) of the Act. For example, a plan administrator or a trustee must, by the very nature of his position, have 'discretionary authority or discretionary responsibility in the administration' of the plan within the meaning of section 3(21)(A) of the Act. Persons who hold such positions will therefore be fiduciaries." 29 C.F.R. §

2509.75-8 D-3 (1996). These regulations "make clear that the administrator and trustees of a pension plan are fiduciaries within the meaning of the statute." <u>Board of Trustees of the CWA/ITU Negotiated Pension Plan v. Weinstein</u>, 107 F.3d 139, 141 (2d Cir. 1997).

In this case, the defendants have admitted that Ms. Farrell was a designated trustee of the Plan at all times. She agreed to serve in this important position when she signed the adoption agreement. As a trustee of the Plan, she accepted "responsibility for the safekeeping and administration of the assets of [the] Plan." Therefore, under section 3(21)(A) of ERISA, as construed and applied by the Court of Appeals in <u>Bouboulis</u>, she must be regarded as a fiduciary of the Plan.

The defendants contend that there is a genuine issue of fact as to whether Ms. Farrell was permanently removed as a trustee of the Plan before assets of the Plan were diverted to the defendants' bank account. They rely on the November 26, 1997 memo written by Mr. Farrell that lists James T. Farrell III alone as a trustee of the Plan and the May 4, 1998 letter written by Mr. Farrell stating that Ms. Farrell had the "same status" as Mary Farrell and Rose Mary Rogers. I agree with the Secretary that this evidence, viewed most favorably to the defendants in the context of the record as a whole, is insufficient to raise a genuine issue for trial.

8

On the record before the Court, it must be concluded that Ms. Farrell was not removed as a trustee. The defendants have admitted that Ms. Farrell remained a named trustee of the Plan from on or about November 26, 1991 through June 1, 2009. It is undisputed that she signed letters as a trustee of the Plan for five years after 1997, when Mr. Farrell allegedly removed her as a trustee. Mr. Farrell himself named her as a trustee in correspondence with ACG after 1997, and she remained the main point of contact for ACG through 2003. There is no evidence that Ms. Farrell was removed in accordance with the steps set forth in the Plan. Nor is there evidence that ACG was ever informed of her removal.

III. Conclusion

Accordingly, the motion for summary judgment (doc. 45) is hereby granted.

So ordered this 8th day of February 2011.

/s/ RNC

Robert N. Chatigny
United States District Judge